STATE of Tennessee, Appellee,

v.

Ricky WESTBROOKS, Appellant.

Court of Criminal Appeals of Tennessee, Nashville.

Nov. 15, 1979.

Theodore F. Walker, Nashville, for appellant.

William M. Leech, Jr., State Atty. Gen., Jennifer Helton Small, Asst. State's Atty. Gen., Nashville, Douglas T. Bates, III, Asst. Dist. Atty. Gen., Centerville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of simple possession of marihuana and was fined five hundred dollars ($500.00). Because this was his third (3rd) offense for simple possession, his punishment was ehanced under T.C.A. § 52–1432(b)(2) by the addition of a sentence of not less than two (2) nor more than three (3) years in the state penitentiary.

The defendant has filed an appeal of his conviction and says the trial court erred in failing to grant a motion to suppress evidence seized as a result of a warrantless search of the defendant's car. The defendant also says the trial court abused its discretion in denying Defendant's petition for suspended sentence.

In light of the recent decision of the United States Supreme Court in *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), and the decision of the Tennessee Supreme Court in *Hughes v. State*, 588 S.W.2d 296 (1979), we reverse this case and dismiss the charges.

During the hearing on the motion to suppress, the State presented Tennessee Highway Patrolman Claiborn Hayes. Trooper Hayes testified that during the afternoon of May 21, 1979, he and Hickman County Sheriff's Deputy Carl Grimes were sitting in a roadside park along Highway 100 in Hickman County when they observed the defendant going east on Highway 100. Approximately ten minutes later they saw the defendant going west on Highway 100. Trooper Hayes testified he pulled out behind the defendant, followed him for about five (5) miles, and then pulled him over. He said the defendant was violating no law, and his sole purpose for stopping the defendant was to check the defendant's driver's license. Trooper Hayes also said he had had prior dealings with the defendant concerning drugs. However, he said he had no information that the defendant was involved in any drug-related activity that day.

Trooper Hayes said after he stopped the defendant, he walked up to the defendant's car on the driver's side and Deputy Grimes walked up to the passenger's side. The defendant had opened his door and was sitting in the car with his feet on the ground. Trooper Hayes said he first asked for the defendant's driver's license and as he was checking the license he saw bits of marihuana in the floorboard and a cap lying in the front seat with two bags of marihuana (one large bag and one "almost empty" bag) lying either beside or in the cap. Hayes said upon seeing the bags of marihuana in the seat, he placed the defendant under arrest.

Deputy Grimes was called by the defendant. Grimes' testimony concerning the initial stop was essentially the same as that of Trooper Hayes. He said the defendant was doing nothing out of the ordinary, except it was "uncommon" to see him in that area. He said their sole purpose in stopping the defendant was to check his driver's license. He said there "may have been" some discussion between he and Hayes about possibly searching the defendant for marihuana.

Grimes said that after he and Hayes walked up to the defendant's car and after Hayes had checked the defendant's driver's license, Hayes pointed out some marihuana leaves, seeds and bits of cigarette papers in the floorboard. Grimes said Hayes then asked the defendant if he was still "messing with drugs." Hayes then asked the defendant if he would mind if they searched the car, and the defendant said he didn't mind.

Grimes testified he began searching first by opening the car door. He said he reached for the cap first. The cap was

folded over. He said he opened the cap, saw the marihuana, then handed the cap to Hayes. He said he saw nothing illegal until he opened the cap.

The defendant testified that he was traveling down Highway 100 after buying a bag of marihuana. He said that when Grimes and Hayes came up behind him, he placed the bag under the cap. He said he did not consent to the search.

The trial judge overruled the motion to suppress.

The trial judge ruled the initial stop to be valid under T.C.A. § 59–709, which gives State Highway Patrolmen the right to stop vehicles at random for the sole purpose of checking the operator's driver's license. He ruled the subsequent search was valid because the defendant gave his consent to the search. The trial judge found the marihuana was not in plain view because of the inconsistency in the testimony of the officers.

In *Delaware v. Prouse, supra,* the United States Supreme Court held that,

".  .  . except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment." 99 S.Ct. 1391, at 1401.

Trooper Hayes testified he had checked the defendant's driver's license "several weeks" before the incident on Highway 100 and said he had no reason to believe the defendant had lost his license since that time. The defendant was not in a high crime area. The stop occurred in mid-afternoon. Nothing in the defendant's behavior, his appearance, nor in the appearance or manner of operation of the automobile gave cause for suspicion.

The incident we are dealing with here falls foursquare within the framework of *Delaware v. Prouse, supra*; and *Hughes v. State, supra.* The arbitrary stop of the defendant in this case was unsupported by any specific and articulable facts from which the officer could have inferred that the defendant was engaged, had been engaged or was about to engage in criminal conduct. To allow unfettered discretion in the State to arbitrarily seize anyone traveling upon the public highways strikes at the very heart of the protections guaranteed United States citizens by the Fourth Amendment. *Delaware v. Prouse, supra*; *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Martinez-Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976).

The search of the defendant's car and the seizure of the marihuana were impermissible due to the invalidity of the initial stop. The evidence seized in the search is inadmissible at trial. This is the only evidence against the defendant. Therefore, we reverse the judgment of conviction and dismiss this action.

Because of our ruling as noted above, it is unnecessary to review the other issues presented by the defendant.

DAUGHTREY and SCOTT, JJ., concur.