**STATE of Tennessee, Appellee,**

v.

**Larry J. JONES, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 3, 1990.

Permission to Appeal Dismissed by Supreme Court Jan. 7, 1991.

Marcus M. Reaves, Dist. Public Defender, Jackson, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen.,

---

Nashville, Paul G. Summers, Dist. Atty. Gen., Somerville, and Paul E. Dew, Asst. Dist. Atty. Gen., Ripley, for appellee.

OPINION

DWYER, Judge.

Larry Jones appeals of right from his conviction in the Lauderdale County Circuit Court of possessing a controlled substance, cocaine, with intent to sell. The trial court sentenced appellant to ten years imprisonment as a Range II offender with a fine of $15,000.

The facts of the case will be briefly summarized from our review of the record. Ken Nelson, a police officer with the Lauderdale County Sheriff's office, testified that on January 15, 1989 he received information from a reliable police informant that the appellant would be driving a canary yellow Buick LeSabre with tinted windows and a Dyer County license plate on Highway 51 South into Ripley, Tennessee for the purpose of selling cocaine. The informant also advised that appellant might be armed. Officer Nelson testified that the informant in question had given accurate information on twenty previous occasions to police officers concerning drug-type violations which led to arrests and convictions.

The record reflects that the officer, acting on the provided information, stopped an automobile matching that description with appellant behind the wheel. The officer asked if he could search the vehicle and the appellant responded in the affirmative. The ensuing search led to the discovery of over thirty small rocks of cocaine, with a street value estimated at $20 each.

Appellant did not testify and offered no proof.

There are three issues presented for review on this appeal. The first of those challenges the sufficiency of the evidence supporting appellant's conviction.

■ A jury verdict approved by the trial judge accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State's theory. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn.1983). The conviction removes the presumption of inno-

cence and raises a presumption of guilt. *Id.* at 410.

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from it. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). This Court views the evidence in the light most favorable to the State to determine whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, setting aside a conviction only if the evidence is insufficient to support such a finding. Rule 13(e), Tenn. R.App.P.; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

After a careful review of the evidence, we find that there was more than sufficient evidence to support the conviction. The appellant consented to the search of his car with the resulting discovery of the drugs. Accordingly, the issue is without merit and is overruled.

■ Appellant's second issue urges that the court abused its discretion in denying appellant's motion for a mistrial. During appellant's cross-examination of Police Officer Joe Hardy, counsel asked him if he had drawn his weapon when he approached the vehicle and asked to search it. The officer replied that he had the weapon out because of appellant's lengthy criminal history. The trial court immediately instructed the jury to disregard the answer. The appellant requested a mistrial, which was denied. He reasons that the denial constituted an abuse of discretion.

In Tennessee, it is well established that the granting or denial of a mistrial is a matter well within the sound discretion of the trial court. *Frazier v. State*, 566 S.W.2d 545, 551 (Tenn.Crim.App.1978). This Court will not disturb that action absent a finding of abuse of discretion. *Id.* at 551.

We find no abuse of discretion here. The trial judge immediately gave a proper limiting instruction to the jury to disregard the police officer's unresponsive answer. This prompt action of the court cured the error. *See Strickland v. State*, 575 S.W.2d

957 (Tenn.Crim.App.1978). Accordingly, the issue is without merit and is hereby overruled.

 In appellant's final issue, he asserts that the trial court erred in denying his motion to suppress certain evidence. He alleges that the police did not have a legally sufficient basis for stopping the automobile. Specifically, he urges that the information given to the police officers by the informant did not give them probable cause to stop appellant's vehicle; therefore, the Pepsi can found in a drinkholder in the interior of the car containing the drugs should not be admissible. Appellant also denies that his consent to search the vehicle was voluntarily given in view of the fact that the police officers had drawn weapons when they approached the vehicle.

The trial court conducted an evidentiary hearing on the motion to suppress and rejected appellant's contentions. This Court will not disturb that conclusion unless the evidence clearly preponderates against it.

The Supreme Court of the United States has upheld the constitutionality of highway stops based on telephone tips from informants, as here. *See Alabama v. White,* — U.S. —, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). In *White,* the Supreme Court stated that police may act on anonymous telephone tips provided that it exhibits sufficient indicia of reliability to provide reasonable suspicion. Here, the telephone tip accurately described the make and color of the car, the route taken, and the name of the driver. Moreover, this was not an anonymous tip, but one from a proven informant with a lengthy history of giving accurate information.

Once the car was stopped and pulled to the side of the highway, the question then becomes whether the police had probable cause to search it without a warrant.

 One of the leading cases on the question of the admissibility in evidence of contraband seized in a warrantless search of a car on the highway is *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In that case, the United States Supreme Court held that automobiles may be searched without a warrant in circumstances that would not justify a warrantless search of a house or office, provided that there is reasonable cause to believe that the car contains articles that the officers are entitled to seize. *Id.,* 267 U.S., at 153–54, 45 S.Ct., at 285–86.

Having found that the police had probable cause grounds to search the vehicle right there on the roadside, the question of whether consent was given voluntarily becomes moot. Accordingly, the issue is meritless and is hereby overruled.

Having found all of appellant's issues meritless, we affirm the trial court's decision.

DUNCAN, P.J., and WILLIAM H. INMAN, Special Judge, concur.