IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY 2000 SESSION

## STATE OF TENNESSEE v. ALTON  DARNELL YOUNG

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-A-546      Seth Norman, Judge**

---

**No. M1999-01166-CCA-R3-CD - Decided April 14, 2000**

---

In this case charging the defendant with felonious possession of a handgun, the state appeals from the trial court's suppression of the weapon as evidence.  The state argues that the arresting officer had reasonable suspicion to stop the defendant.  The defendant argues that the officer lacked probable cause.  Although the trial court did not make specific findings of fact, the record indicates that the trial court determined that regardless of whether the officer had probable cause or reasonable suspicion to stop the defendant, the officer could not lawfully then seize the gun.  At the suppression hearing, the officer demonstrated how the gun was lying under a rag in the defendant's vehicle.  No explanation of this demonstration appears in the record.  Because the trial court viewed the demonstration firsthand, we accredit the trial court's determination and affirm its suppression of the weapon as evidence.

**T.R.A.P. 3 Appeal as of Right; Judgment of the Davidson County Criminal Court Affirmed**

JUDGE JOSEPH M. TIPTON delivered the opinion of the court, in which JUDGE DAVID H. WELLES and SENIOR JUDGE L. TERRY LAFFERTY joined.

Paul G. Summers, Attorney General; Todd R. Kelley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Terry James Haycox, Assistant District Attorney, for appellant, State of Tennessee.

Richard McGee, Nashville, Tennessee, for appellee, Alton  Darnell Young.

## OPINION

The state appeals as of right the trial court's granting of the defendant's motion to suppress a gun found in his vehicle by a police officer.  The defendant, Alton Darnell Young, was indicted for knowingly possessing a handgun after having been convicted of a felony drug offense, a Class E felony.  The state contends that the trial court erred by suppressing the gun because the officer had reasonable suspicion to believe that the defendant had committed a criminal offense and was thus justified in his investigatory stop of the defendant that led to the discovery of the gun.  The defendant

contends that his motion to suppress was based upon a lack of probable cause and that the trial court correctly granted the motion to dismiss because no probable cause existed. We affirm the trial court's granting of the motion to suppress.

At the hearing on the motion to suppress, Officer Robert Swisher of the Nashville Metropolitan Police Department testified that he responded to a call from fellow officer Jan Bosey on September 15, 1998, at 11:30 a.m. He said that Officer Bosey reported a shot fired at her on Berry and North Third Streets and that the suspect was a black male wearing "some kind of orange." Officer Swisher said that he arrived at the area in less than five minutes. When he saw that Officer Bosey was not hurt, he drove down Lischey Avenue, up Foster Avenue, and turned down North Third Street. He saw the defendant, a black male, sitting in a vehicle at the curb wearing a bright orange t-shirt. The shooting occurred within one block of the defendant's location.

Officer Swisher testified that he ordered the defendant out of his vehicle because the defendant fit the description from Officer Bosey. He said that as the defendant exited, he saw a rag between the two front seats. He said that the rag was elongated and pushed up and that it looked like a handle was under the rag. The record shows that Officer Swisher demonstrated the position of the rag, but no explanation of the demonstration appears in the record. When asked by the district attorney what he thought when he saw the rag "the way [he] demonstrated here in court," Officer Swisher replied, "A weapon, a handgun." He testified that he had seen guns concealed that way in several other vehicles. Officer Swisher testified that he lifted the rag and retrieved the gun for his safety. He said that he then asked the defendant if he had ever been arrested and that the defendant replied that he was on probation for selling crack cocaine. Officer Swisher then arrested the defendant. He said that Officer Bosey arrived within minutes and could not identify the defendant as the man who shot at her. Following the proof, the trial court ruled from the bench and granted the defendant's motion to suppress the gun as evidence.

A trial court's factual findings on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); State v. Jones, 802 S.W.2d 221, 223 (Tenn. Crim. App. 1990). The application of the law to the facts as determined by the trial court is a question of law which is reviewed de novo on appeal. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

Initially, we note that the trial court did not make any findings of fact on the record. The trial court's only statement was, "I sustain the motion." The trial court has an affirmative duty to state the essential findings on the record. See Tenn. R. Crim. P. 12(e). A trial court that fails to comply with this duty runs the risk of having the judgment vacated and the case remanded for factual findings. See State v. Alonzo Gentry, No. 02C01-9708-CC-00335, Gibson County (Tenn. Crim. App. July 2, 1998) (remanding the case to the trial court for factual findings on a motion to suppress). Nevertheless, we believe that in this case, we are able to render a decision based upon the record before us.

Following the proof at the evidentiary hearing, the trial judge asked the district attorney what right the officer had to pick up the rag. The district attorney responded that when the defendant exited the car and the officer saw the rag with what appeared to be a handle underneath, the officer had the right to retrieve the weapon for his own safety. The trial judge then stated, "I sustain the motion." Thus, the record indicates that regardless of whether or not the officer had probable cause or reasonable suspicion to conduct an investigatory stop, based upon the testimony he heard, the trial judge did not believe that the officer could then lawfully seize the weapon. During the officer's testimony, he specifically demonstrated the manner in which the rag was lying on the car seat. The state did not explain, in preservation of the record, what the officer did during this demonstration. The appellate court is limited to review of only the facts set forth in the record. T.R.A.P. 13(c). If the record on appeal is deficient by not including a record of actions which are relevant to the issue, then this court may presume that the trial court's determinations were adequately supported by the evidence. See Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979). Such is the case with the record before us. The trial court was able to see the demonstration firsthand. The absence of any explanation of the demonstration in the record before us requires that we presume that the trial court's determination is correct.

In consideration of the foregoing and the record as a whole, we affirm the trial court's granting of the motion to suppress.

Judge Joseph M. Tipton
Judge David H. Welles
Senior Judge L. Terry Lafferty