IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

January 8, 2020 Session

## STATE OF TENNESSEE v. JASON BRADLEY WALTERS

**Appeal from the Circuit Court for Madison County**
**No. 18-286    Kyle C. Atkins, Judge**

_____

### No. W2019-00420-CCA-R3-CD

_____

The State appeals as of right from the trial court's order granting the motion to suppress all evidence obtained as a result of an unconstitutional stop of the vehicle driven by Defendant, Jason Bradley Walters. The basis of the stop was the arresting deputy's observation that Defendant violated Tennessee Code Annotated section 55-9-407, which requires a driver to dim headlights within 500 feet of an approaching vehicle. In its order, the trial court granted the motion solely based upon its determination that a violation of Tennessee Code Annotated section 55-9-407 is not a crime. On appeal the State argues it is a Class C misdemeanor pursuant to Tennessee Code Annotated section 55-10-301(a), and that the trial court's judgment should be reversed. On this point, we agree with the State. However, we remand for the trial court to make specific findings of fact based upon the trial court's credibility determinations of the witnesses, and any other evidence, direct or circumstantial, viewed in light of the trial court's credibility of the testimony. The trial court must then issue a new order either granting the motion to suppress or denying the motion.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Jody S. Pickens, District Attorney General; and April Knight Cornelison, Assistant District Attorney General, for the appellant, State of Tennessee.

Justin P. Jones, Brownsville, Tennessee, for the appellee, Jason Bradley Walters.

# OPINION

*Trial Court Proceedings*

Only the deputy and Defendant testified at the suppression hearing. Basically, each one testified that the other one violated the statute, establishing a classic situation for the trial court to make specific findings of fact based upon witness credibility determinations made by the trial court and any other evidence, direct or circumstantial, that may exist in addition to the testimony. The only factual findings made by the trial court were that Defendant was driving northbound, the deputy was driving southbound, and the deputy's only basis to stop Defendant was his opinion that Defendant violated Tennessee Code Annotated section 55-9-407. However, this meager finding of fact does not include a finding that the deputy's opinion was credible. It was only a finding that the deputy had no other basis to instigate a traffic stop in the event that the court determined that Deputy Gross did not have a reasonable suspicion or probable cause that Defendant had violated the statute. Also, this is an implicit, rather than explicit, finding of fact. By granting the motion to suppress on the basis it relied upon, the trial court implicitly found that the deputy had no other legal basis to initiate the traffic stop. All other mentioning of what witnesses stated was a statement of various matters testified to by the deputy as a summary of testimony.

As a result of the vehicle stop and Defendant's arrest, he was charged in a multiple-count indictment by the Madison County Grand Jury with DUI second offense (two counts on alternate theories), driving on a revoked license, which was revoked because of a prior DUI conviction, and violation of Tennessee Code Annotated section 55-9-407, failure to dim his headlights.

An exhaustive summary of the testimony is not necessary in this appeal. Basically, at approximately 12:15 a.m., on October 17, 2017, Defendant was operating a Chevrolet Silverado northbound on Christmasville Road. Deputy Justin Gross was on duty driving southbound. There was a vehicle between 200 and 300 feet, also going southbound, in front of Deputy Gross. Deputy Gross testified that as Defendant passed the vehicle in front of Deputy Gross, and as Defendant was 150 to 200 feet from Deputy Gross, Defendant turned on the high beams of his headlights. Deputy Gross testified that he "flicked" his headlights on and off high beam several times to let Defendant know that his lights were on too bright, but Defendant did not dim his lights and the glare prevented Deputy Gross from looking straight ahead. Deputy Gross turned around in the road, followed Defendant down Holland Lane, and turned on his blue lights initiating a stop as Defendant pulled into the driveway of his home. Deputy Gross testified he made the stop because Defendant unlawfully turned on his high beam lights and obstructed the deputy's

vision. Deputy Gross could not recall how fast he was driving when he saw Defendant's vehicle.

Defendant's testimony directly contradicted the pertinent testimony of Deputy Gross. Defendant testified that the vehicle in front of Deputy Gross did have its lights on dim, but Deputy Gross had his lights on bright. Defendant stated that his lights were on dim, and when he had passed the first car he flashed his high beams on and off one time to let Deputy Gross know his lights were on bright. Defendant testified that he was within 200 feet of Deputy Gross when Defendant passed the vehicle traveling in front of Deputy Gross. Defendant stated he was driving the posted speed limit of 40 miles per hour. Defendant could not say whether Deputy Gross flicked his own lights because Defendant was blinded and had to look at the ditch as he went by Deputy Gross.

The parties' respective closing arguments were based upon which side provided the more credible evidence. Defendant did not argue that a violation of Tennessee Code Annotated section 55-9-407 was not a crime. Thus, the State had no reason to address that argument. The trial court took the matter under advisement and filed a written order granting the motion to suppress. The order provides in pertinent part:

> TCA § 55-9-4[0]7 does not provide that a violation of this section is a criminal offense. Further, it does not provide for a fine or other penalty (TCA § 55-9-4[0]7). Chapter 9 is titled equipment-lighting regulations. There is not a catch-all provision as contained in TCA § 55-8-103, providing that any offense without a prescribed penalty is a class C misdemeanor. The Court further notes that throughout Chapter 9 of title 55, there are specific penalties at the end of many sections. In Part 4 of Title 55 Chapter 9, most sections have a prescribed penalty. Specifically, TCA § 55-9-401, 402, 403, 404, 405, 406, 410, 414, and 415 all classify the level of misdemeanor a violation of that section carries. However, TCA § 55-9-407 does not indicate that it is a criminal offense caring [sic] a misdemeanor penalty and/or fine. If the legislature had intended the failure to follow this section to be a crime, it would have given a penalty for violating the section. Since the actions of the defendant could not have been a crime or an attempt to commit a crime, the officer could not have had probable cause to believe that the defendant had committed or was about to commit a crime. Further, there was no testimony from the officer to establish reasonable suspicion a crime had been or was about to be committed.

Therefore, the Court finds the stop of the defendant was without probable cause or reasonable suspicion that a crime had been or was about to be committed.

Therefore, the motion to suppress is GRANTED.

As all evidence was suppressed, the State's motion to dismiss the indictment, so that it could appeal as of right, was granted.

*Analysis*

We are compelled to mention that the order granting the motion to suppress was filed on February 6, 2019. Twenty-two days later, the State appeared before the trial court and moved to dismiss all counts except the count charging a violation of Tennessee Code Annotated section 55-9-407, which occurred prior to the constitutional violation. However, in open court, the prosecutor said, "But after reading the Court's order it sounds like that, according to the order, then that would be dismissed, as well, because that's not a criminal offense." Furthermore, the State acknowledged to the trial court that an appeal was being considered. It is puzzling why the State failed to do the minimal amount of research required to support a meritorious motion for the trial court to reconsider its ruling prior to moving to dismiss the charges, especially since the ruling was based upon a legal theory not raised or addressed by either party.

The State has two arguments in its appeal. First, it argues that the trial court erred by ruling that a violation of Tennessee Code Annotated section 55-9-407 is not a criminal act; second, it argues that the evidence clearly shows that Deputy Gross had a reasonable suspicion that Defendant had violated Tennessee Code Annotated section 55-9-407, which justified the traffic stop. We agree with the State's first argument. We disagree with the State's second argument because it relies primarily upon testimony of only Deputy Gross. In its order, the trial court referred to some of Deputy Gross's testimony, but did not make any credibility determinations of either of the two witnesses. Also in its remarks stating that it was taking the matter under advisement, the trial court acknowledged it would have "to do the math" on distance and the time period for the vehicles to pass each other "to see if it could even all take place." The State's argument on the merits of the case is based upon its own findings of facts, which neither the State nor this Court can make.

*(1) Is Violation of Tennessee Code Annotated section 55-9-407 a Crime*

Tennessee Code Annotated section 55-9-407 provides as follows:

**55-9-407. Multiple beam road lighting equipment – Use.**

Whenever the road lighting equipment on a motor vehicle is so arranged that the driver may select at will between two (2) or more distributions of light from headlights or lamps or auxiliary road lighting lamps or lights, or combinations thereof, directed to different elevations, the following requirements shall apply while driving during the times when lights are required:

(1) When there is no oncoming vehicle within five hundred feet (500′), the driver shall use an upper distribution of light; provided, that a lower distribution of light may be used when fog, dust, or other atmospheric conditions make it desirable for reasons of safety, and when within the confines of municipalities where there is sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred feet (500′) ahead and when following another vehicle within five hundred feet (500′); and

(2) When within five hundred feet (500′) of an oncoming vehicle, a driver shall use a distribution of light so aimed that the glaring rays therefrom are not directed into the eyes of the oncoming driver.

Tennessee Code Annotated section 55-10-301(a) provides as follows:

(a) Any person violating any of the provisions of chapters 8 and 9 of this title and parts 1-5 of this chapter where a penalty is not specifically prescribed commits a Class C misdemeanor.

Thus, clearly violation of the provisions of Tennessee Code Annotated section 55-9-407 is a Class C misdemeanor, and the trial court erred by granting the motion to suppress on the sole basis that violation of section 55-9-407 is not a criminal offense.

*(2)  Does the Remaining Evidence Require Reversal of the Trial Court's Judgment and Denial of the Motion to Suppress*

It is important to note that the State is the appellant in this case. While the State is correct that the trial court erred in its legal basis for granting Defendant's motion to suppress, Defendant did not assert that basis as a legal theory to grant the motion to suppress. Nevertheless, as the appellant, the State argues on the merits that the trial court erred granting the motion to suppress on the basis that the evidence justified the stop when it is clear that a violation of section 55-9-407 is a crime. We have already pointed

out that the State's argument primarily relies upon the State's determination that Deputy Gross is credible and Defendant is not. Only the trial court's credibility determinations apply. We note that without credibility determinations, when a trial court merely states that "witness #1 testified that . . . ," this is *not* a finding of fact – at most it is just part of a summary of the testimony.

If we were to address the merits of Defendant's motion to suppress, as the State as appellant asks us to do, the only finding of facts made by the trial court would require a summary affirmance of the trial court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee. However, we decline to do so in the interests of justice. Neither can we simply remand the case for a findings of fact and a determination of the credibility of the witnesses and then rule on the appeal, which we would normally do in a similar situation when findings of fact are inadequate. The posture of this case is unique by the situation of the trial court's ruling. The only finding of fact necessary for the trial court to make its ruling were the findings it did make: Deputy Gross and Defendant were traveling in opposite directions when Deputy Gross decided to make a traffic stop of Defendant on the sole basis that Deputy Gross believed Defendant had violated a criminal offense by not abiding with the requirement of section 55-9-407. This was all the trial court found, and all that was necessary for the trial court to make its ruling, erroneous as it was.

Accordingly, this Court is unable to properly review on the merits any issue in this appeal, except our determination that the trial court erred in its ruling that a violation of Tennessee Code Annotated section 55-9-407 is not a crime.

It is the right and the obligation of the trial court to again review all the evidence submitted at the suppression hearing and make a ruling based upon appropriate (and clear) findings of fact and credibility determinations. In appropriate situations, clear and concise findings of fact can be made without stating that one witness is totally credible and the other witness is not credible. The finder of fact (which is the trial court here) can find a witness credible in some testimony and not credible in other testimony. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). A lack of credibility does not solely mean that a witness has lied. A witness can be speaking entirely truthfully as to his or her perception of what is seen, heard, smelled, or felt, but other evidence of weather, noise, odors, distance, etc. may factor into the ultimate credibility determinations made by the finder of facts.

We have no idea of what determinations the trial court as the finder of facts will make upon remand. After making appropriate findings of fact, the trial court may conclude that the motion should be denied. If so, the matter would not be appropriate for review by this Court in this Rule 3 appeal because the order could only be appealed by

Defendant as an interlocutory appeal or upon a negotiated guilty plea with a certified question of law. *See* Tenn. R. App. P. 9, 10; Tenn. R. Crim. App. 37(b)(2)(A). This case is, however, before this Court as an appeal as of right by the State. The trial court may make appropriate findings of fact and again conclude that the motion must be granted. Faced with appropriate findings of fact and the discretion this Court must give to the trial court in such situations, the State might choose not to appeal. *Odom*, 928 S.W.2d at 23; *State v. Jones*, 802 S.W.2d 221, 223 (Tenn. Crim. App. 1990).

## CONCLUSION

Accordingly, we reverse the trial court's judgment granting the motion to suppress. However, our ruling is not a determination that the motion should be denied. We leave intact the judgment dismissing the indictment at this time. The case is remanded to the trial court to make appropriate findings of fact in accordance with this opinion. Based upon its findings of facts, the trial court must make a ruling either granting the motion to suppress, or denying the motion to suppress. If the trial court denies the motion, the indictment must be reinstated. After the trial court's ruling, the aggrieved party may seek any relief it may be entitled to seek.

_____
THOMAS T. WOODALL, JUDGE