**STATE of Tennessee, Appellee,**

v.

**Ricky W. BINION, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 28, 1994.

C. Michael Robbins, Asst. Public Defender, Somerville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Elizabeth T. Rice, Dist. Atty. Gen., Jerry Norwood, Asst. Dist. Atty. Gen., Somerville, for appellee.

## *OPINION*

HAYES, Judge.

The appellant entered a guilty plea to one count of violation of the Motor Vehicle Habitual Offenders Act pursuant to Tennessee Rules of Criminal Procedure 37(b)(2)(i), expressly reserving the issue of whether the seizure of his person and his subsequent arrest were valid. Appellant received a sentence of three years and six months as a Range II offender. The trial court denied the appellant's motion to suppress and entered an order allowing the appeal of the certified question of law. The question presented for review is whether the act of a motorist in lawfully turning his vehicle around approximately 1000 feet from a roadblock is sufficient to give a state trooper "reasonable suspicion to stop the vehicle."

After a review of the record we conclude that under the circumstances of this case, the lawful turn without more does not give rise to reasonable suspicion. Therefore, the judgment of trial court is reversed.

On the evening of April 16, 1993, the Tennessee Highway Patrol, in conjunction with local law enforcement agencies, conducted a roadblock on State Highway 18 near Bolivar, Tennessee. The purpose of the roadblock was to check for driver's licenses and vehicle registration violations. The roadblock was conducted pursuant to Tennessee Department of Safety General Order 410.

Sometime around 11:00 p.m. of that evening, the appellant was driving north on State Highway 18 near Bolivar. Before reaching the roadblock, the appellant turned into the parking lot of a store located approximately 1000 feet from the roadblock location. The appellant then turned around in the parking lot, and left driving south on State Highway 18, away from the roadblock.

State Trooper Larry McKinnie observed the appellant driving onto and immediately leaving the store parking lot premises. Trooper McKinnie, believing that the appellant was attempting to avoid the roadblock, gave pursuit. Appellant's vehicle was stopped approximately one and one-quarter mile from the roadblock. Trooper McKinnie asked the appellant for his driver's license. The appellant responded that he had a license from Illinois, but that he did not have it with him. Trooper McKinnie asked the appellant to follow him back to the roadblock, and the appellant complied with this request. Upon arriving at the roadblock, Trooper McKinnie ran a computer check on the appellant and discovered that his Tennessee license had been revoked. The computer check also revealed that the appellant had been declared a habitual motor vehicle offender. The appellant was arrested. On September 7, 1993 the Hardeman County Grand Jury indicted the appellant on one count of violation of the Motor Vehicle Habitual Offender Act.

The appellant filed a motion to suppress the evidence gained as a result of his stop by Trooper McKinnie. At the suppression hearing, the appellant testified that he had been enroute to the store when he saw the flashing blue lights indicating the presence of a roadblock. He testified that he had pulled into the store and gone inside to purchase some cigarettes. According to the appellant's testimony, he was in the store for no more than two minutes, after which he re- turned to his car and proceeded to head south on Highway 18.

Trooper McKinnie testified at the hearing that he had observed several vehicles turn into the store, but that in each case, someone had exited the vehicle and entered the store. McKinnie testified that the appellant, after turning into the store, "spun around rapidly," and drove off in the opposite direction, without ever leaving his car. McKinnie stated that upon being detained, the appellant told McKinnie that he did not have a Tennessee driver's license. On cross-examination, Trooper McKinnie testified that he had not observed the appellant violating any traffic laws and that the only reason for pulling him over was that he had avoided the roadblock.

At the conclusion of the testimony, the trial court denied the appellant's motion to suppress. In its findings of fact and conclusions of law, the trial court found that the appellant "sort of spun around real fast and abruptly headed back south on State Highway 18 without stopping." The trial court also found that no constitutional rights of the appellant had been violated by Trooper McKinnie.

■ Findings of fact made by the trial court after an evidentiary hearing are conclusive unless the evidence contained in the record preponderates against those findings. *State v. Young,* 866 S.W.2d 194, 197 (Tenn. Crim.App.1992). We conclude that the record supports the trial court's findings of fact in this case.

Appellant does not contest the right of the state to conduct a roadblock. This Court in *State v. Manuel,* no. 87-96-III, 1988 WL 123988 (Tenn.Crim.App. at Nashville, Nov. 23, 1988) upheld the constitutionality of a sobriety roadblock in light of the governmental interest served by a roadblock and the minimal intrusion upon motorists' liberty. *See Manuel,* slip op. at 6.[1]

---

1. Both *Sitz* and *Manuel* involved sobriety checkpoints. Neither the United States Supreme Court or any Tennessee Court has specifically upheld a roadblock for the purposes of checking driver's licenses. However, the appellant has not challenged the *per se* constitutionality of driver's license roadblocks, so we need not decide this issue. We note, however, that the dictum in *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979), suggests the constitutionality of such roadblocks. Also, other jurisdictions have generally upheld roadblocks for the purposes of checking driver's licenses. *See e.g., Murphy v. State,* 864 S.W.2d 70 (Tex.Ct.

It is undisputed that stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of federal and state constitutions. A seizure occurs even though the purpose of the stop is limited and the resulting detention quite brief. *See Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979), *State v. Westbrooks,* 594 S.W.2d 741, 743 (Tenn. 1979). Thus, the question becomes whether the seizure in this case was "reasonable" under the Fourth Amendment. *Michigan Dep't of State Police v. Sitz,* 496 U.S. 444, 449–51, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412 (1990).

A precondition to the constitutional acceptability of a seizure made as a result of a roadblock is "that the seizure must be carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individualized officers." *Manuel,* slip op. at 2 (quoting *Brown v. Texas,* 443 U.S. 47, 51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979)). In accordance with these constitutional limitations, the Tennessee Highway Patrol has formulated a set of rules for roadblocks designed to check for unlicensed drivers. These rules are contained in Tennessee Department of Safety General Order 410. General Order 410 gives officers the authority to stop vehicles at a roadblock, but is silent as to the officer's authority to pursue vehicles that do not stop at the roadblock.[2]

The appellant asserts that the stop of his vehicle was unconstitutional. Specifically, the appellant contends that (1) the absence of specific authority in General Order 410 to pursue an automobile that avoids the roadblock precluded Trooper McKinnie from stopping the appellant and (2) the stop was "without any factual basis."

Under the facts and circumstances present, it is clear that the State Trooper did not have the authority under General Order 410 to stop the appellant. Therefore, the appellant's contention that the stop was unconstitutional on this basis may have merit. However, we find it unnecessary to decide this issue. This issue is pretermitted in view of the dispositive nature of the appellant's assertion that the Trooper had no factual basis upon which to stop the appellant.

The State asserts that Trooper McKinnie had the right to make an investigatory stop of the appellant's automobile based on McKinnie's personal observation that the appellant was involved in criminal wrongdoing. In *State v. Watkins,* 827 S.W.2d 293 (Tenn.1992), the Supreme Court of Tennessee set forth the constitutional standards involved in investigatory stops of automobiles:

A police officer may make an investigatory stop of a motor vehicle when the officer has a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed. In determining whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the circumstances. This includes, but is not limited to, objective observations, information obtained from other police officers or agencies, information obtained from citizens, and the pattern of operation of certain offenders. A court must also consider the rational inferences and deductions that a trained police officer may draw from the facts and circumstances known to him.

827 S.W.2d at 294 (citations omitted). We conclude that where a motorist acts to avoid a roadblock, such action may by itself constitute reasonable suspicion that a criminal offense has been or is about to be committed.[3]

App.1992); *Galberth v. United States,* 590 A.2d 990 (D.C.App.1991).

2. We must note that the guidelines governing the roadblocks held constitutionally firm in *Sitz* and *Manuel* had provisions prohibiting officers from apprehending motorists who made safe u-turns or turn-offs to avoid the roadblock. No such condition is in Department of Safety General Order 410, and it may be that the lack of such a condition renders any roadblock conducted pursuant to the Order unconstitutional. We find it unnecessary to address the issue in this opinion.

3. Other jurisdictions have held that avoiding a roadblock creates reasonable suspicion. *See, e.g., Steinbeck v. Commonwealth of Kentucky,* 862 S.W.2d 912 (Ky.App.1993); *State v. Thill,* 474 N.W.2d 86 (S.D.1991); *Coffman v. State,* 26 Ark. App. 45, 759 S.W.2d 573 (1988); *Stroud v. Commonwealth,* 6 Va.App. 633, 370 S.E.2d 721 (1988); *Boches v. State,* 506 So.2d 254 (Miss.

Whether reasonable suspicion exists must be determined from the totality of circumstances on a case by case basis. Among the factors to be considered is whether objective evidence indicates that the motorist was attempting to evade arrest or detection. Such evidence may include the distance the motorist was from the roadblock when the turn-off or U-turn was made, whether the motorist was able to see the roadblock before the motorist took evasive action, and the manner in which the motorist operates his or her automobile in making the evasive action. Other factors to be considered are the arresting officer's experience and any other circumstances which would indicate the driver was intentionally avoiding the roadblock to evade arrest or detection.[4]

Upon application of these factors, we conclude that in this case, the evidence does not establish sufficient specific and articulable facts upon which to base a reasonable suspicion that the defendant had intentionally avoided the roadblock to evade arrest or detection. Of particular importance in making this determination is the fact the appellant turned around approximately 1000 feet before the roadblock. Also, the trial court's findings of fact do not conclusively support a finding that the appellant turned around in order to avoid the roadblock. Additionally, nothing in Trooper McKinnie's testimony suggests that his personal experiences as a police officer led him to believe that the appellant was avoiding the roadblock. Finally, it was significant that the roadblock was not "controlled," in that approaching drivers could avoid the roadblock by making safe, legal U-turns.

If an officer's suspicion amounts to merely an "unparticularized suspicion or 'hunch' [rather] than a fair inference in the light of his experience [it] is simply too slender a reed to support the seizure" under the fourth and fourteenth amendments of the United States Constitution. *Reid v. Georgia*, 448 U.S. 438, 441, 100 S.Ct. 2752, 2754, 65 L.Ed.2d 890 (1980) (quoting *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968)). In this case, Officer McKinnie's conclusion that the appellant was intentionally avoiding the roadblock was no more than a 'hunch.' As such, the stop of the appellant was not based on reasonable suspicion.

In conclusion, we hold that the action of a motorist, under the circumstances of this case, in making a lawful turn 1,000 feet before a roadblock does not give rise to a reasonable suspicion of criminal activity unless the driver's turn or action is coupled with other articulable facts.

For these reasons the judgment of the trial court is reversed and the charge dismissed.

PAUL G. SUMMERS, J., and PAUL R. SUMMERS, Special Judge, concur.

1987); *Smith v. State*, 515 So.2d 149 (Ala.Crim. App.1987); *contra Howard v. Voshell*, 621 A.2d 804 (Del.Sup.Ct.1992); *People v. Daniel Rocket*, 156 Misc.2d 641, 594 N.Y.S.2d 568 (Justice Court, N.Y.1992); *Maine v. Powell*, 591 A.2d 1306 (Me.1991); *State v. Talbot*, 792 P.2d 489 (Utah App.1990).

**4.** We note that the Commonwealth of Virginia has adopted an approach similar to the one we announce today. In *Stroud v. Commonwealth*, 6 Va.App. 633, 370 S.E.2d 721 (1988), the Virginia Court of Appeals held that an abrupt u-turn executed 100 to 150 feet before a roadblock raised a reasonable suspicion of criminal activity. *Id.* 370 S.E.2d at 723. One year later, in *Murphy v. Commonwealth*, 9 Va.App. 139, 384 S.E.2d 125 (1989), the same court held: "[i]n contrast, we find that the act of a driver in making a lawful right turn 350 feet before a roadblock does not give rise to a reasonable suspicion of criminal activity unless the driver's turn is coupled with other articulable facts." *Id.* 384 S.E.2d at 128. *See also State v. Powell*, 591 A.2d 1306, 1308 (Me.1991).