IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER SESSION, 1996

FILED

April 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9512-CC-00396 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | ROANE COUNTY |
| VS. | ) | |
| | ) | HON. E. EUGENE EBLEN |
| ALBERT SEALS, JR., | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal) |

FOR THE APPELLANT:

HAROLD D. BALCOM, JR.
350 E., Race St., Suite 1
P. O. Box 487
Kingston, TN 37763

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

HUNT S. BROWN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

CHARLES HAWK
District Attorney General

D. ROGER DELP
Assistant District Attorney
Ninth Judicial District
P. O. Box 703
Kingston, TN 37763

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Albert Seals Jr. pled guilty in the Roane County Criminal Court to driving under the influence of an intoxicant. He received a sentence of eleven months and twenty-nine days. The trial court ordered that he serve four days in the county jail with the balance of the sentence served on probation. Pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure, Appellant reserved the following certified question of law: whether the investigatory stop of his vehicle was based upon a reasonable suspicion supported by specific and articulable facts.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

The proof shows that, on October 23, 1994, Deputy Herbert Barnard and Deputy Steve Bryant, both of the Roane County Sheriff's Department, were called to investigate a disturbance in which three allegedly intoxicated individuals, two males and a female, were arguing outside the Huddle House on Gallaher Road near Kingston, Tennessee.

When the deputies arrived at the scene, they were told that the individuals had left in a brown Ford Thunderbird and a blue Nissan Maxima, traveling in the direction of the interstate. After looking for the vehicles for approximately five minutes with no success, the deputies stopped at a local store to discuss the situation. While there and approximately twenty minutes after the original

dispatch, the deputies observed a blue car that appeared to match the description of the blue Nissan Maxima. As a result, the deputies followed the car, which traveled at a speed well below the speed limit. Based upon the information received from witnesses at the Huddle House and recognizing that an extremely low rate of speed often indicates drunk driving, Deputy Barnard engaged his blue lights. However, despite the blue lights, Appellant drove on for another quarter mile, entered his driveway, and parked beside his house.

When Appellant exited his vehicle, Deputy Barnard detected a strong odor of alcohol and noticed that Appellant was unsteady on his feet. He then conducted field sobriety tests and concluded that Appellant was legally intoxicated.

## II. REASONABLE STOP

Appellant claims that the stop was unreasonable because he did not break any traffic laws and because his car was a different make than that described by the witnesses at the Huddle House. Appellant does not question the trial court's findings of fact but rather questions the trial court's conclusions of law drawn from the facts.

Stopping an automobile and detaining its occupants constitutes a seizure within the meaning of the federal and state constitutions. State v. Binion, 900 S.W.2d 702, 705 (Tenn. Crim. App. 1994). However, a police officer may conduct an investigatory stop of a vehicle when the officer has a reasonable suspicion, supported by specific and articulable facts, that a crime has been or is about to be committed. Terry v. Ohio, 392 U.S. 1, 21 (1968); Griffin v. State,

604 S.W.2d 40, 42 (Tenn. 1980). An investigatory stop based on reasonable suspicion requires a lower quantum of proof than probable cause. State v. Pulley, 863 S.W.2d 29, 31 (Tenn. 1993). In determining whether reasonable suspicion exists, the reviewing court must consider the totality of the circumstances. United States v. Cortez, 449 U.S. 411, 417 (1981). These circumstances include, but are not limited to, objective observations and the rational inferences and deductions of trained police officers. State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992).

In analyzing the reasonableness of an investigatory stop, this Court is not bound or limited in its consideration of the facts. Instead, this Court is entitled to draw its own conclusions from the facts as found. State v. Marshall, 870 S.W.2d 532,538 (Tenn. Crim. App. 1993).


Mindful of the foregoing principles of law, we conclude that, given the unique circumstances of this case, no investigatory stop occurred. Not all contact between the police and a citizen constitutes a seizure. Terry v. Ohio, 392 U.S. 1, 20 n.16 (1968); see, e.g., State v. Moore, 776 S.W.2d 933, 935 (Tenn. 1989). According to Appellant's own testimony, he was on his way home when he noticed the blue lights approximately one hundred yards from his driveway. Instead of responding, he drove the remaining one hundred yards to his driveway, proceeded another three hundred yards up his driveway, and parked next to his house. Presumably Appellant would not have done anything any differently had no police car been following him. It was only at this point that the officers interacted with Appellant. The strong odor of alcohol and Appellant's unsteadiness then gave the officers probable cause to conduct field sobriety tests. It is our opinion that Appellant stopped his vehicle not because Officer

Barnard engaged his blue lights, but because Appellant had arrived at his predetermined destination. Appellant's decision to stop his vehicle was not based upon the coercive effect of police conduct; therefore, there was no restraint on his liberty. See Michigan v. Chesternut, 486 U.S. 567, 573 (1987).

Even assuming that an investigatory stop did occur, the officers' actions were reasonable based upon the following facts: (1) Appellant's car matched the general description given by witnesses at the Huddle House; (2) only a short period of time transpired between the original dispatch and the observation of the vehicle; and (3) Appellant was operating his vehicle at an extremely slow rate of speed given the time of night and the posted speed limit. These specific and articulable facts are sufficient to warrant an investigatory stop. Therefore, the trial court properly denied Appellant's motion to suppress.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
DAVID H. WELLES, JUDGE