IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 16, 2001 Session

## STATE OF TENNESSEE v. JERRY DAMON WILLIAMS

**Appeal from the Circuit Court for Rutherford County**
**No. M48803      James K. Clayton, Jr., Judge**

---

**No. M2000-02592-CCA-R3-CD - Filed December 13, 2001**

---

On September 25, 2000, the Defendant, Jerry Damon Williams, entered a plea of guilty to driving under the influence of alcohol in violation of Tennessee Code Annotated section 55-10-401. Pursuant to Rule 37 (b)(1)(i) of the Tennessee Rules of Criminal Procedure, the Defendant sought to reserve a certified question of law to be reviewed by this Court. In this appeal, the Defendant contends that (1) he properly reserved the certified question of the validity of the police's initial investigatory stop and (2) the trial court erred in denying his motion to suppress evidence discovered as a result of the investigatory stop. We vacate the Defendant's conviction and dismiss the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Allen D. Hale, Murfreesboro, Tennessee, for the appellant, Jerry Damon Williams.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 5, 1999, the Defendant exited a Taco Bell and entered his vehicle. Another car passed quickly through the parking lot, almost hitting the Defendant's vehicle. The Defendant stepped out of his vehicle and engaged in a short conversation with the occupants of the other car. The Defendant then returned to his car and drove away.

Officer Gibson of the Smyrna Police Department observed the Defendant yelling at the other vehicle and decided to investigate. Officer Gibson pulled into the Taco Bell parking lot and stopped the other vehicle. After speaking with the occupants of the other car, Officer Gibson realized that

the Defendant had not remained in the parking lot, and radioed a description of the Defendant's vehicle to his dispatch officer. Officer Gibson testified that he did not witness any illegal or suspicious activity on the part of the Defendant.

Corporal Lucas, also of the Smyrna Police Department, heard the radio dispatch describing the Defendant's vehicle and observed a car fitting that description. Based solely on the radio dispatch, Corporal Lucas stopped the vehicle. Corporal Lucas testified that he did not witness the Defendant violate any traffic laws and executed the stop based solely on the radio dispatch. Corporal Lucas approached the vehicle and noticed the smell of alcohol. After a field sobriety test, the Defendant was arrested for driving under the influence.

On September 26, 2000, the Defendant entered into a plea agreement with the State conditioned upon a reservation of a certified question of law. That same day the trial court entered its Judgment sentencing the Defendant to eleven months and twenty-nine days at seventy-five percent, fined the Defendant $600.00, and revoked his driver's license for two years. The Judgment made no mention of the certified question of law. On October 20, 2000, an Agreed Order Amending the Judgment was entered which detailed the Defendant's reservation of the certified question of law. The Defendant filed a Notice of Appeal on October 23, 2000.

## CERTIFIED QUESTION

The State contends that the Defendant's certified question regarding the validity of the traffic stop is not properly before this Court because the Defendant did not comply with the mandates of State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and, therefore, we have no jurisdiction to address the appeal or vacate the Defendant's conviction.

Tennessee Rule of Criminal Procedure 37(b) provides that an appeal lies from any judgment of conviction

> (2)  upon a plea of guilty or nolo contendere if:
> (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or
> . . .
> (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

In Preston, our supreme court set forth the following prerequisites for appellate review of a certified question pursuant to Rule 37:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . Also, the order must state that the certified question was expressly reserved as part of a plea

-2-

agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the questions certified. No issue beyond the scope of the certified question will be considered.

Preston, 759 S.W.2d at 650; see also State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996); State v. Irwin, 962 S.W.2d 477, 478-79 (Tenn. 1998).

In the present case, the trial court entered a Judgment on September 26, 2000 that made no mention of a certified question of law. Attempting to correct that oversight, on October 20, 2000, within the thirty days before the Judgment became final and before a notice of appeal was filed, the trial court entered an Agreed Order Amending the Judgment. The Agreed Order was signed by the Defendant's attorney, the Assistant District Attorney and the trial judge and read as follows:

As evidenced by signatures of counsel below, the Judgment entered in this cause on the 26th day of September, 2000 is hereby amended to state as follows:

1. Upon his plea of guilty, Defendant explicitly reserved with the consent of the State in the trial Court, the right to appeal a certified question of law which will be dispositive of this matter.

2. The certified question of law for review is "whether or not the trial court erred in failing to suppress evidence gathered pursuant to a traffic stop of Defendant's vehicle conducted by the Smyrna Police Department in the absence of reasonable suspicion to make such traffic stop.

3. All other aspects of the original Judgment remain the same.

The State contends that the Judgment does not reflect that a certified question of law that is dispositive of the case has been reserved. However, in amending the September 26 Judgment, the trial court by its order placed the amending language of the October 20 Order in the body of the original Judgment. The Judgment cannot be read without incorporating the language of the October 20 Order. Therefore, we must respectfully disagree with the State's contention.

The State compares this case to Pendergrass and asserts that the trial court's attempt to rectify the error after the Judgment was entered did not reserve the certified question. However, we believe this case is fundamentally different from Pendergrass. In Pendergrass, our supreme court dismissed the appeal because the certified question of law was not properly reserved under the requirements of Rule 37 and Preston. Pendergrass, 937 S.W.2d at 837-38. The supreme court's holding was based on the fact that the notice of appeal was filed and jurisdiction vested in the Court of Criminal Appeals before the judgment was supposedly amended to include the certified question of law. Id.

The trial court in <u>Pendergrass</u> had no authority to amend the judgment because it lacked jurisdiction. <u>Id.</u> That is not so in the present case.

The State also argues that the order amending the judgment of conviction is void, noting that the order does not constitute an amended judgment. We acknowledge that Tennessee Supreme Court Rule 17 prescribes the judgment of conviction form that courts are required to use in Tennessee. Obviously, the order amending the judgment in this case does not comply with the rule. In this respect, we believe that an amendment to a judgment of conviction should more appropriately be made on a Rule 17 form designated as an amended judgment with all of the particulars of the conviction and sentence set forth therein. However, we do not believe that a court's judgment of conviction that does not utilize the required form is void. Thus, the order amending the judgment is effective.

As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. <u>See</u> <u>Pendergrass</u>, 937 S.W.2d at 837; Tenn. R. App. P.4 (a), (c). Once a judgment becomes final or a timely notice of appeal has been filed, the trial court loses jurisdiction over the matter. <u>Pendergrass</u>, 937 S.W.2d at 837. After a trial court loses jurisdiction, it generally has no power to amend its judgment. <u>See</u> <u>id.</u>; <u>State v. Moore</u>, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). A judgment beyond the jurisdiction of a court is void. <u>See</u> <u>Pendergrass</u>, 937 S.W.2d at 837. In the present case, the Judgment of the trial court had not become final, and the trial court therefore retained jurisdiction to amend it.

Though the Judgment was properly amended, the Judgment as amended must comply with the requirements of <u>Preston</u>. In order to comply with <u>Preston</u>, the Judgment must contain a clear statement of the certified question, a statement that all parties agree that the question is dispositive of the case, and a statement that all parties agreed to the reservation of the certified question. <u>See</u> <u>Preston</u>, 759 S.W.2d at 650. It is clear from the record that the Judgment as amended meets the requirements of <u>Preston</u>, and the certified question is therefore properly before this Court.

## REASONABLE SUSPICION FOR TRAFFIC STOP

By certified question of law, the Defendant contends that Corporal Lucas did not have a reasonable suspicion to stop the Defendant's vehicle on November 5, 1999; therefore, the stop violated the Defendant's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and Article I section 7 of the Tennessee Constitution. The Defendant argues that all evidence obtained as a result of the stop should therefore be suppressed.

Stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of the federal constitution and the Tennessee constitution. <u>See</u> <u>State v. Binion</u>, 900 S.W.2d 702, 705 (Tenn. Crim. App. 1994) (<u>citing</u> <u>Delaware v. Prouse</u>, 440 U.S. 648, 653 (1979)). In <u>State v. Watkins</u>, 827 S.W.2d 293, 294 (Tenn. 1992), our supreme court applied <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), and set forth the standards to guide a determination of the constitutionality of an investigatory stop of an automobile. Our supreme court held that

[a] police officer may make an investigatory stop of a motor vehicle when the officer has a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed. In determining whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the circumstances. This includes, but is not limited to, objective observations, information obtained from other police officers or agencies, information obtained from citizens, and the pattern of operation of certain offenders. A court must also consider the rational inferences and deductions that a trained police officer may draw from the facts and circumstances known to him.

Watkins, 827 S.W.2d at 294 (citation omitted).

In the present case, neither Officer Gibson nor Corporal Lucas was able to articulate any fact that they observed that would support a reasonable suspicion that a crime had been or was about to be committed. Both Officers testified that the Defendant behaved completely within the bounds of the law while under their observation. Officer Gibson observed the Defendant yelling at a vehicle in a parking lot, but could articulate no other suspicious activity. Corporal Lucas stated that he relied completely on Officer Gibson's dispatch in pulling the Defendant over to the side of the road, and further stated that he would not have stopped the Defendant were it not for Officer Gibson's dispatch.

In the Order Denying Motion to Suppress, the trial judge relied on two facts to support his denial of the Motion to Suppress the evidence obtained as a result of the traffic stop. First, the trial judge stated that Officer Gibson believed the Defendant left the scene of a confrontation when the officer "initiated his lights," and the dispatch issued was justified. Second, the trial court stated that "while Officer Lucas was in the process of stopping Mr. Williams' vehicle, he was under the impression that Mr. Williams might possibly be driving under the influence." Neither of these findings are supported by the record. Both officers testified that the Defendant operated his vehicle within the bounds of the law while they observed him. Officer Gibson stated that the Defendant left "the scene of an investigation." Corporal Lucas testified that he would not have stopped the Defendant, but for the dispatch. Therefore, we find that no reasonable suspicions existed to allow Corporal Lucas to stop the Defendant's vehicle. The investigatory stop was in violation of the Defendant's Fourth Amendment rights as well as his rights pursuant to Article I section 7 of the Tennessee Constitution. All evidence obtained as a result of the illegal stop must be suppressed.

**CONCLUSION**

Accordingly, for the foregoing reasons, we find that the Defendant properly reserved a certified question of law concerning the trial court's denial of his Motion to Suppress and that the trial court erred in denying said motion. The Defendant's conviction is vacated and the charges against the Defendant are dismissed.

_____
DAVID H. WELLES, JUDGE