IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 12, 2002 Session

## STATE OF TENNESSEE v. DAMOND LAVONZELL MACON and KENNETH RAY WOODS

**Appeal from the Circuit Court for Madison County
No. 00-380　Donald H. Allen, Judge**

**No. W2001-02706-CCA-R3-CD　- Filed May 3, 2002**

The defendants, Damond Lavonzell Macon and Kenneth Ray Woods, entered pleas of guilt to possession of marijuana and possession of drug paraphernalia. Pursuant to a plea agreement, the defendant Macon received concurrent sentences of 11 months and 29 days on each count, suspended after six months; the defendant Woods received concurrent sentences of 11 months and 29 days, all of which was to be served on unsupervised probation. The charge against Woods for disobeying a stop sign was dismissed as part of the plea agreement. The defendants reserved for appeal the question of whether the stop was based upon a reasonable suspicion supported by specific and articulable facts. See Tenn. R. Crim. P. 37. The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Joe H. Byrd, Jr., Jackson, Tennessee, for the appellant, Damond Lavonzell Macon.

C. Mark Donahoe, Jackson, Tennessee, for the appellant, Kenneth Ray Woods.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Shaun A. Brown, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 4, 1999, between 9:00 and 10:00 P.M., Officer Jeff Shepherd, a narcotics investigator with the Jackson Police Department, observed the defendants' car enter Riverside Drive in Jackson from a residential driveway. It was dark and there were no other vehicles on the roadway. Officer Shepherd, who was following the vehicle "at a safe distance," was driving approximately 45 miles per hour. The officer detected the smell of burning marijuana emanating from the car and, when the defendant Woods drove through a stop sign, the officer initiated a stop. As he approached the driver's side of the vehicle, the officer noticed Woods trying to conceal a pack of rolling papers

between the door and the driver's seat. The defendant Macon, who was in the passenger's seat, attempted to conceal a burning, hand-rolled cigar between the two front seats. Officer Shepherd detected a strong odor of marijuana on Macon's person and, while conducting a search for weapons, found two marijuana cigarettes and part of another hidden in his crotch area. The cigar seized from between the seats contained marijuana. The officer found rolling papers in the defendant Woods's hand and, during a pat down search, found an additional pack of rolling papers in his jacket pocket.

At the suppression hearing, Officer Shepherd testified that he believed the defendants' car windows were partially open. He acknowledged, however, that he had decided to stop the defendants' car as soon as he smelled the marijuana, shortly before Woods failed to observe the stop sign.

The defendant Woods testified that neither he nor the defendant Macon had been smoking marijuana on the night of their arrests. Gaye Scarborough testified that a drug test given to Macon two days after the arrest was negative. She acknowledged that, because the result was negative, the sample was not sent to the laboratory for screening.

The trial court overruled the motion to suppress, concluding that the officer had a reasonable suspicion that a criminal offense had been committed. It ruled that the failure to stop at the stop sign, coupled with the officer's having previously smelled marijuana, justified the stop of the vehicle. The trial court concluded that once the vehicle was stopped and the officer observed the defendants' attempts to conceal items in the car, a more extensive search of the defendants was warranted.

Both the state and federal constitutions protect individuals from unreasonable searches and seizures; the general rule is that a warrantless search or seizure is presumed unreasonable and any evidence discovered subject to suppression. U.S. Const. amend. IV; Tenn. Const. art. I, § 7; Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971); State v. Bridges, 963 S.W.2d 487, 490 (Tenn. 1997). An automobile stop constitutes a "seizure" within the meaning of both the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution. Michigan Dep't of State Police v. Sitz, 496 U.S. 444, 450 (1990); Delaware v. Prouse, 440 U.S. 648, 653 (1979); State v. Binion, 900 S.W.2d 702, 705 (Tenn. Crim. App. 1994); State v. Westbrooks, 594 S.W.2d 741, 743 (Tenn. Crim. App. 1979). The fact that the detention may be brief and limited in scope does not alter that fact. Prouse, 440 U.S. at 653; State v. Pulley, 863 S.W.2d 29, 30 (Tenn. 1993); Binion, 900 S.W.2d at 705; Westbrooks, 594 S.W.2d at 743. The basic question, as indicated, is whether the seizure was "reasonable." Binion, 900 S.W.2d at 705 (citing Sitz, 496 U.S. at 444). The state always carries the burden of establishing the reasonableness of any detention. See State v. Matthew Manuel, No. 87-96-III (Tenn. Crim. App., at Nashville, Nov. 23, 1988).

Among the narrowly defined exceptions to the warrant requirement is an investigatory stop. See Terry v. Ohio, 392 U.S. 1, 27-28 (1968). An investigatory stop is deemed less intrusive than an arrest. See id. In Pulley, our supreme court ruled that "the reasonableness of seizures less intrusive than a full-scale arrest is judged by weighing the gravity of the public concern, the degree

to which the seizure advances that concern, and the severity of the intrusion into individual privacy." 863 S.W.2d at 30.

The defendants argue that the testimony of Officer Shepherd was not credible. They submit that it is highly unlikely that the officer, while traveling 45 miles an hour, could smell burning marijuana under these circumstances. The defendants point out that Officer Shepherd acknowledged that he intended to stop their vehicle regardless of any stop sign violation. The defendants, who claimed they were on their way to meet police regarding the defendant Macon's disabled vehicle, argue that "it is against all logic" for them to have been smoking marijuana at that time. In summary, the defendants argue that the evidence preponderates against the trial court's findings of fact.

In Whren v. United States, the United States Supreme Court ruled that if an officer has probable cause to believe a violation of the traffic code has occurred, any seizure will be upheld even if it is a complete pretext for the officer's subjective motivations in making the stop. 517 U.S. 806, 813-17 (1996); see also State v. Vineyard, 958 S.W.2d 730, 734-35 (Tenn. 1997). In Vineyard, our supreme court cited Whren with approval, rejecting the proposition "that the constitutional reasonableness of the traffic stops depends on the actual motivations of the individual officers involved." Vineyard, 958 S.W.2d at 734-35 (citing Whren, 517 U.S. at 810). Our supreme court observed that "there are no linguistic differences which, in this context, justify distinct interpretations of the state and federal constitutional provisions." Id. at 736. The court concluded that the subjective motivation of the police officer was irrelevant when there was a basis for a traffic stop under Article I, Section 7 of the Tennessee Constitution.

Although the defendant makes a persuasive argument in this case that the evidence preponderates against the trial court's conclusion that Officer Shepherd smelled marijuana while driving "a safe distance" behind another vehicle traveling 45 miles per hour, the evidence does establish that the defendant Woods failed to properly stop at a stop sign. Subjective motivation is not the focus of the inquiry. A violation of the traffic law is a sufficient basis to warrant the stop. In our view, the trial court properly determined that the ensuing search was warranted by the officer's observations of the defendants as he approached their vehicle.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE