# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1997 SESSION



FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9701-CC-00043 |
| Appellee, | ) |
| | ) Henry County |
| V. | ) |
| | ) Honorable Julian P. Guinn, Judge |
| | ) |
| **MICHAEL RAY GRICE,** | ) (Possession of Controlled Substance) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Michael J. Flanagan
Dale M. Quillen
Attorneys at Law
95 White Bridge Road, #208
Nashville, TN 37205

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Deborah A. Tullis
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Robert "Gus" Radford
District Attorney General

Todd A. Rose
Assistant District Attorney General
P.O. Box 94
Paris, TN 38242

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Michael Ray Grice, was indicted for possession of a controlled substance with intent to manufacture, deliver, or sell; unlawful possession of drug paraphernalia; and unlawful possession of a weapon. He pled guilty to the indictment reserving the right to appeal as a certified question of law the trial court's denial of his motion to suppress. See Tenn. R. Crim. P. 37(b)(2). The appellant contends that the police lacked reasonable suspicion to make an investigatory stop of his vehicle. He argues that evidence obtained as a result of the search should be suppressed. Upon review, we affirm.

**FACTS**

On the night of the appellant's arrest, the Tennessee Highway Patrol and Henry County Sheriff's Department were conducting a saturation project to deter drunk driving. The saturation entailed making occasional drive-by inspections of local taverns. Officers Robert Edwards and David Powell made such an inspection of the Doll House Tavern in Paris, Tennessee, around 11:40 p.m. As Officer Edwards entered the Doll House parking lot, he thought he saw the appellant back into a parked vehicle. He pulled his patrol car up behind the appellant's vehicle and got out to investigate. Officer Powell, who had heard Edwards announce his intentions over the police radio, pulled into the parking lot behind Edwards. Officer Edwards inspected the car that he thought the appellant had hit. He concluded that he was mistaken. He then instructed the appellant to wait while he went inside the tavern to make sure the appellant had not committed any crime inside. As Officer Edwards headed inside, Officer Powell approached the appellant. He noticed the appellant had an odor of alcohol about his person. He also noticed that the appellant's eyes were bloodshot and that he appeared nervous. The officer requested the appellant to perform a series of field sobriety tests to determine if he was impaired. During the administration of these tests, Officer Powell noticed a bulge in the upper right

portion of the appellant's jacket.  He asked the appellant for permission to search his person and his vehicle.  The appellant consented to the search.  Officer Powell patted the appellant down.  He recovered a .35 caliber handgun and what appeared to be a marijuana cigarette.  Officer Powell placed the appellant under arrest.  The appellant's vehicle was searched.  A large quantity of marijuana wrapped in cellophane and a set of scales were seized.

The appellant contends that the trial court erred in overruling his motion to suppress the evidence seized from his vehicle and person.  He argues that the initial stop was not based on reasonable suspicion and was illegal.  We disagree.

Stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of the federal and state constitutions.  State v. Binion, 900 S.W.2d 702, 705 (Tenn. Crim. App. 1994).  Tennessee's Supreme Court set forth the appropriate standard for determining the constitutionality of investigatory stops of automobiles:

> A police officer may make an investigatory stop of a motor vehicle when the officer has a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed.  In determining whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the circumstances.  This includes, but is not limited to, objective observations, information obtained from other police officers or agencies, information obtained from citizens, and the pattern of operation of certain offenders.  A court must also consider the rational inferences and deductions that a trained police officer may draw from the facts and circumstances known to him.

State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992).

In the instant case, Officer Edwards testified that he stopped the appellant because he thought that he just witnessed the appellant back into a parked vehicle.  This, coupled with the lateness of the hour and the fact that the appellant was leaving a tavern, gave Officer Edwards reasonable suspicion to suspect that the appellant had just committed or was in the process of committing an offense.  Upon investigation he determined that no collision had

-3-

occurred. Officer Edwards stated that he told the appellant to wait while he established that the appellant had not committed a crime inside the tavern. At this time, Officer Edwards did not have any lawful justification for further detaining the appellant. Officer Edwards did not have reasonable suspicion to suspect the appellant had committed a crime inside the tavern. Any evidence he might have found inside the tavern would have been illegally obtained and subject to suppression. However, as Officer Edwards left to go inside the tavern, Officer Powell approached the appellant. He testified that upon exiting his patrol car he went directly to question the appellant. At this point, not having conferred with Officer Edwards, he was unsure of whether the appellant had or had not committed any crime. Therefore, his initial questioning of the appellant was supported by reasonable suspicion. Once in a lawful position to briefly detain the appellant for questioning, he noticed signs of intoxication. He then had reasonable suspicion to administer field sobriety tests on the appellant. During the testing, the appellant consented to the search of his person and vehicle.

We find that, through a series of transactions, the appellant was stopped and detained based upon reasonable suspicion. The conduct of Officer Edwards, after determining that the appellant had not backed into a parked car, was not unreasonable but exceeded constitutional parameters. However, we find that each officer, based on the totality of the circumstances known to each respective officer, had reasonable suspicion based upon articulable facts to detain the appellant. During this lawful detention, the appellant consented to the search of his person and vehicle. The resulting search and seizure was, therefore, constitutionally proper. The judgment of the trial court denying the appellant's motion to suppress is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

-4-

_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge