IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs January 10, 2012

## STATE OF TENNESSEE v. JAMES KENNETH WOMBLE

**Direct Appeal from the Circuit Court for Giles County**
**No. 14905     Robert L. Jones, Judge**

No. M2011-01174-CCA-R3-CD - Filed August 24, 2012

Defendant, James Kenneth Womble, pled guilty to driving under the influence of intoxicants
(DUI), first offense, pursuant to a negotiated plea agreement.  He properly reserved a
certified question of law for appeal.  The question of the law is dispositive of the case.  After
a thorough review we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT
WILLIAMS and ALAN E. GLENN, JJ., joined.

J. Daniel Freemon, Lawrenceburg, Tennessee; and Chelsea Nicholson, Nashville, Tennessee,
for the appellant, James Kenneth Womble.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney
General; T. Michel Bottoms, District Attorney General; and Beverly White, Assistant District
Attorney General; for the appellee, the State of Tennessee.

## OPINION

        After he was indicted for DUI, first offense, Defendant filed a motion to suppress all
evidence obtained as a result of the vehicle stop by the law enforcement officer who stopped
and arrested Defendant for DUI.  In the motion, Defendant asserted "that there was not
proper probable cause for the officer stopping the vehicle and the stop was illegal and
improper."  A suppression hearing was held, at which the officer who arrested Defendant was
the only witness who testified.  The trial court denied the motion, and Defendant entered his
guilty plea but reserved for appeal, pursuant to Tennessee Rule of Criminal Procedure
37(b)(2)(A)(i)-(iv), the following certified question of law:

Whether or not the Court properly found there was probable cause to initiate a stop of the vehicle being driven by the defendant based upon the testimony of the officer at the hearing on the Motion to Suppress in this cause, or whether the officer lacked probable cause to stop the subject vehicle based upon the holding in *State v. Garcia*, 123 S.W.3d 335 [(Tenn. 2003)].

*Facts*

Deputy Matt King of the Giles County Sheriff's Department testified on direct examination by the State that he was on duty at approximately 1:52 a.m. on October 12, 2009, when he observed the vehicle driven by Defendant. Deputy King turned onto Buford Station Road from Highway 31A and first observed Defendant's vehicle on Buford Station Road traveling the same direction as Deputy King's vehicle. Defendant was driving a blue pickup truck, below the speed limit, and Deputy King observed Defendant's driving as Deputy King caught up with Defendant. Defendant's truck weaved over the center line "several times" and crossed over the fog line once all the way to the grass on the edge of the road. At this location, Buford Station Road is a hard blacktop road with a painted center line and painted fog lines.

After observing this erratic driving by Defendant, Deputy King turned on his blue lights. At this point, Defendant was seized for constitutional purposes. *State v. Williams*, 185 S.W.3d 311, 317-18 (Tenn. 2006) (concluding the defendant was seized following the officer's activation of his blue lights, since a reasonable person in the defendant's position would not have felt free to leave). For the purposes of this appeal, where the sole issue addresses the stop of the vehicle, Deputy King's testimony concerning what occurred after the blue lights were activated is irrelevant.

On cross-examination by Defendant's counsel, Deputy King was asked to give the number of times he had observed Defendant cross the center line of Buford Station Road. His response was "I stopped counting after three." Deputy King acknowledged that no vehicles were approaching in the opposite lane of travel when Defendant crossed the center line. He admitted that he did not issue a citation to Defendant for crossing the center line or the fog line. The following exchange occurred between Defendant's counsel and Deputy King:

Q.    And what - - did you see any offense committed in your presence that caused you to stop him?

A.    The weaving over the center line.

-2-

Q.     And that was the sole basis of the stop, was because he crossed the center line three times and - -

A.     Yes, sir.

Q.     - - fog line one time on a winding road with no traffic coming?

A.     Yes, sir.

Deputy King never testified that he observed Defendant driving on a "winding" portion of Buford Station Road. When asked on cross-examination about the "nature" of the road, Deputy King responded, "[t]here are a number of straight stretches, there are a number of curves, it's kind of a mix of everything." Deputy King testified that there was not a dashboard video camera or other recording device in his patrol car at the time Defendant was stopped.

After direct examination and prior to cross-examination, the trial court stated:

THE COURT:     If he crossed the center line and the fog line, and got off the pavement onto the grass, and he can't understand those instructions, that's enough to - - for a probable cause arrest and to ask him to submit to a field sobriety task. So let's see if there's any credibility test thus far about what we heard.

At the conclusion of all testimony, the trial court stated, "All right. The Court finds in favor of the stop, denies the suppression."

A trial court's factual findings on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996); *State v. Jones*, 802 S.W.2d 221, 223 (Tenn. Crim. App. 1990). Furthermore, questions about the "credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Odom*, 928 S.W.2d at 23. The application of the law to the facts as determined by the trial court is a question of law which is reviewed de novo on appeal. *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997).

The Fourth Amendment to the United States Constitution and article 1, section 7 of the Tennessee Constitution protect against unreasonable searches and seizures. *See State v. Downey*, 945 S.W.2d 102, 106 (Tenn. 1997). An automobile stop constitutes a seizure within the meaning of these constitutional provisions. *Michigan Dep't of State Police v. Sitz*, 496 U.S. 444, 450 (1990); *State v. Pulley*, 863 S.W.2d 29, 30 (Tenn. 1993); *State v. Binion*,

900 S.W.2d 702, 705 (Tenn. Crim. App. 1994). The police may stop a vehicle if they have reasonable suspicion based upon specific and articulable facts that an occupant is violating or is about to violate the law. *See United States v. Brignoni–Ponce*, 422 U.S. 873 (1975); *State v. Watkins*, 827 S.W.2d 293, 294 (Tenn. 1992); *Hughes v. State*, 588 S.W.2d 296, 305 (Tenn. 1979). In determining whether an officer's reasonable suspicion is supported by specific and articulable facts, "a court must consider the totality of the circumstances-the entire picture." *State v. Moore*, 775 S.W.2d 372, 377 (Tenn. Crim. App. 1989).

We must strictly limit our review to the *precise* issue certified as the question of law reserved for appeal. *State v. Day*, 263 S.W.3d 891, 999 (Tenn. 2008) ("As we have stated repeatedly, no issue beyond the scope of the certified question will be considered."); *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988); Tenn. R. Crim. P. 37(b)(2)(A)(ii) ("the question of law as stated in the judgment or order reserving the certified question identified clearly the scope and limits of the legal issue reserved"). Defendant's issue is framed such that he asserts Deputy King lacked "probable cause" of a crime being committed by Defendant to justify the stop. As noted above, for constitutional purposes the stop began as soon as Deputy King activated his blue lights. *Williams*, 185 S.W.3d at 317-18. An investigatory stop of a vehicle does not require an officer to have probable cause of a crime being committed. All that is constitutionally required to justify a stop of a vehicle is for the officer to have reasonable suspicion, based upon specific and articulable facts, that an occupant of the vehicle is violating or is about to violate the law. *Watkins*, 827 S.W.2d at 294. Reasonable suspicion to justify a stop of a vehicle is a subjective standard, to be determined by looking at the totality of the circumstances surrounding the stop. *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000).

Defendant argues that *State v. Garcia*, 123 S.W.3d 335 (Tenn. 2003) and *State v. Binette*, 33 S.W.3d 215 (Tenn. 2000) both support his assertion that Deputy King did not have reasonable suspicion or probable cause to initiate the stop of Defendant's vehicle. We disagree. As pointed out by the State in its brief, in *Garcia* the proof showed that the police officer observed the defendant drive his vehicle such that it swerved *within* its lane of travel, and did not cross any lanes of traffic. *Garcia*, 123 S.W.3d at 338. In *Binette*, a videotape showed that the defendant's weaving was *within* the lane of travel. *Binette*, 33 S.W.3d at 218-19.

In the case *sub judice* the trial court obviously accredited the testimony of Deputy King that Defendant drove his truck across the center line into the oncoming traffic lane multiple times, and weaved over and crossed the fog line at least once. On multiple occasions this Court has held that such driving provides at least reasonable suspicion of criminal activity, based upon specific and articulable facts, or probable cause of a crime being committed. *See State v. Joseph Patterson*, No. M2010-02360-CCA-R3-CD, 2011 WL 3668845, at *3 (Tenn. Crim. App. Aug. 22, 2011)(officer had reasonable suspicion to stop the defendant when the officer testified that she saw defendant "swerving and crossing over

-4-

the lines that indicate the lanes of travel"); *State v. James Ryan Watson*, No. E2010-00884-CCA-R3-CD, 2011 WL 2306059, at *5 (Tenn. Crim. App. June 8, 2011)( officer "personally saw within one half mile Appellant cross the fog line on two occasions in addition to crossing the yellow center line once"); *State v. John Ayres Hewitt*, No. E2009-01314-CCA-R3-CD, 2010 WL 5108606, at *5 (Tenn. Crim. App. Nov. 29, 2010)(officer saw defendant "weaving over the lane lines" and "each time" the defendant crossed the line, "it was [over] a considerable distance"); *State v. Jody Glen Loy*, No. E2006-02206-CCA-R3-CD, 2008 WL 2229259, at *5 (Tenn. Crim. App. May 30, 2008)(defendant's vehicle was initially weaving within its own lane of traffic but the officer eventually saw the car cross the center line three separate times); and *State v. William Robert Wilson*, No. M2009-01146-CCA-R3-CD, 2010 WL 2966747, at *8 (Tenn. Crim. App. July 26, 2010) *perm. app. denied* (Tenn. Nov. 17, 2010)(deputy testified that he personally saw defendant cross the center line on two occasions in addition to the video tape which showed the defendant weaving slightly within the lane).

The evidence does not preponderate against the trial court's ruling that Deputy King had appropriate constitutional grounds to stop Defendant's vehicle. Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE